IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOYCE H.,[1]　　　　　　　　　　　　　　)
o.b.o. J.A.G.　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　CIVIL ACTION
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　No. 18-2616-JWL
ANDREW M. SAUL,[2]　　　　　　　　　　　)
Commissioner of Social Security,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　)
_____)

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits to her adult daughter (of whom she is co-guardian) pursuant to sections 1602, and 1614(a) of the Social Security Act, 42 U.S.C. §§ 1381a, and 1382c(a) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) failure to discuss the Wyandotte County District Court's finding that J.A.G. (hereinafter JAG) is an "adult with an impairment in need of a guardian," the court

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

ORDERS that the decision of the ALJ shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this decision.

**I.       Background**

An application for SSI was filed for Plaintiff's daughter (JAG) on July 16, 2015. (R. 12). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erred in failing to consider the finding of the District Court of Wyandotte County, Kansas that JAG requires a guardian, and that the residual functional capacity (RFC) assessed is unsupported by substantial evidence both as it relates to mental impairments and to physical impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

3

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, the claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The ALJ found that JAG does not have past relevant work, but that she can perform jobs that are found in significant numbers in the national economy. (R. 19).

The court finds that the ALJ's failure to consider the Wyandotte County District Court's finding that JAG is an adult with an impairment in need of a guardian requires remand, and it will not provide an advisory opinion on the remaining issues which must also be addressed on remand.

## II.    Court Appointment of a Guardian

4

Plaintiff points to the regulatory requirement that, for claims filed before March 27, 2017, the agency must consider evidence of a disability decision by another governmental or nongovernmental agency. (Pl. Br. 17-18) (citing Soc. Sec. Ruling (SSR) 06-3p; 20 C.F.R. § 416.912(b)(5); and Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998) (citing a 1992 memorandum from the SSA Office of Hearings and Appeals)). She points out that the ALJ here did not discuss the "LETTERS OF AUTHORITY AS CO-GUARDIANS" contained in the record and signed by Judge Lynch of the District Court of Wyandotte County, Kansas. (Pl. Br. 17) (citing R. 158). She argues that, consequently, the ALJ erred as a matter of law. The Commissioner argues that there are two flaws in Plaintiff's argument: that the letter of appointment "is not 'a decision by another governmental agency or non-governmental entity' that Plaintiff was disabled" (Comm'r Br. 6) (apparently quoting without attribution—and very loosely 20 C.F.R. § 416.904 (effective March 27, 2017)); and that SSR 06-3p was rescinded on March 27, 2017. Id. (citing 82 Fed. Reg. 16,869-02, 2017 WL 1245548 (Apr. 6, 2017) and 28 Fed. Reg. 15,263-01, 2017 WL 1105348 (Mar. 27, 2017)). In her Reply Brief, Plaintiff argues that the Commissioner's argument that the court's finding is not a decision by another governmental or non-governmental agency is inconsistent with the regulations, and that although SSR 06-3p was rescinded, the regulations requiring consideration of other agency decisions remained in effect for claims such as JAG's which were filed before March 2017.

As Plaintiff's argument suggests, through 2016 the regulations included decisions regarding disability by any governmental or non-governmental agency within the

5

meaning of "evidence" which must be considered in making a disability determination. 20 C.F.R. § 416.912 (2013-2016); but see, 20 C.F.R. § 416.912 (2017) (no longer including such decisions). And, as the Commissioner suggests, throughout the entire period relevant here, the regulations have provided that "a determination made by another agency that you are disabled … is not binding on us." 20 C.F.R. § 416.904 (2013-2017). Moreover, the regulations cited above and SSR 06-3p required that such decisions, when contained in the record, must be considered by the Commissioner.

Although the Letters of Authority from the Wyandotte County District Court are not a determination that JAG is disabled, they are that court's appointment of Plaintiff and another individual as co-guardians for JAG, described as "an adult with an impairment in need of a guardian." (R. 158). In the letters, the court made no finding that JAG is disabled, did not make a finding about JAG's impairment, and did not explain how the impairment necessitated a guardian. Nevertheless, there is no indication in the decision at issue that the ALJ was even aware that the letters were in the record, and he did not discuss the significance of the fact that JAG, who is an adult, had a guardian appointed. Moreover, the court takes judicial notice that the Kansas statutes define an adult with an impairment in need of a guardian as "a person 18 years of age or older, … whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired such that the person lacks the capacity to manage such person's estate, or to meet essential needs for physical health, safety or welfare, and who is in need of a guardian." Kan. Stat. Ann. § 59-3051. While it is not clear that every individual who

6

meets the definition of an adult with an impairment in need of a guardian within the meaning of the Kansas statutes meets the definition of disability within the meaning of the Act and regulations, SSR 06-3p requires that, for claims filed before March 2017, the ALJ consider such findings.

The significance of the Commissioner's argument that the Letters of Authority are "not 'a decision by another governmental agency or non-governmental entity' that Plaintiff was disabled under another state or national benefit program" is not clear. Perhaps he is arguing that the Letters of Authority are not the state court's order finding that JAG is an adult with an impairment in need of a guardian. While the Letters of Authority are not specifically the finding of the Wyandotte County District Court that JAG is an adult with an impairment in need of a guardian, they are record evidence that such a finding has been made pursuant to the Kansas statutes suggesting that the ALJ should have considered that finding. On the other hand, perhaps the Commissioner is arguing that the state court is not a "governmental agency or non-governmental entity" within the meaning of the Social Security regulations. However, the Commissioner cites no regulation or agency definition of these terms, and the court is unable to find any within 20 C.F.R. Parts 404 or 416. Remand is necessary for the Commissioner to consider the findings of the state court and to explain its effect, if any on the decision at issue.

**IT IS THEREFORE ORDERED** that the Commissioner's decision in this case shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence

7

of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this decision.

Dated October 16, 2019, at Kansas City, Kansas.

<pre>
                                        s:/  John W. Lungstrum
                                        <b>John W. Lungstrum</b>
                                        <b>United States District Judge</b>
</pre>